UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LANCE YARUS, D.O. | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff | : | NO. 2:14 – CV – 01656 - CDJ |
| v. | : | |
| WALGREEN COMPANY AND WALGREEN EASTERN CO., INC., | : | <u>JURY DEMAND</u> |
| Defendants | : | |

**DEFENDANTS,' WALGREEN CO.
AND WALGREEN EASTERN CO., INC. REPLY TO
PLAINTIFF, LANCE YARUS, D.O.'S OBJECTIONS TO MAGISTRATE SITARSKI'S
<u>ORDER AND MEMORANDUM OF LAW DATED DECEMBER 8, 2014</u>**

## Introductory Comment

Defendants, Walgreen Co. and Walgreen Eastern Co., (Walgreen), respectfully file this reply in support of the December 8, 2014 Order and Memorandum of Law by Honorable Lynne A. Sitarski.

The December 8, 2014 Order and Memorandum of Law disposed of discovery motions filed by plaintiff and defendant after briefs and supplemental briefs filed by both parties. A copy of the December 8, 2014 Order and Memorandum of Law are attached collectively as Exhibit A.

Walgreen had previously filed the following documents, pertaining to the issues addressed by Judge Sitarksi: Defendants,' Walgreen Co. and Walgreen Eastern Co., Inc. Reply to Plaintiff, Lance Yarus, D.O.'s Motion to Compel, Impose Sanctions and Extend Discovery Deadline, (Exhibit B); Defendants,' Walgreen Co. and Walgreen Eastern Co., Inc. Motion for Protective Order, (Exhibit C); and Supplemental Brief in Support of Defendants, Walgreen Co. and Walgreen Eastern Co., Inc. Motion for Protective order, (Exhibit D).

Walgreen's position with respect to the issues addressed in Judge Sitarski's December 8, 2014 Order and memorandum of Law are set forth in Exhibits B – D. Therefore, defense counsel respectfully incorporates here by reference those documents.

**Procedural History**

1 – 5.   Admitted.

6.   Denied. Walgreen produced in discovery a printout of the prescriber profile pertaining to plaintiff, which contains certain notations, including the notation that plaintiff was under investigation by the DEA.

7.   Denied. It is admitted that plaintiff served the deposition notices attached as Exhibits 5 – 7 on defense counsel.

8.   Admitted with the qualification that the original e-mail does not contain underlining.

9.   Admitted.

10.   Denied. It is admitted that the exhibits attached to plaintiff's appeal were also submitted to Judge Sitarski prior to December 8, 2014.

11.   Denied as stated. It is admitted that plaintiff's counsel served the deposition notices attached to his appeal as Exhibits 5-7.

12.   Denied. Walgreen's motion for protective order and supplemental brief in support of motion for protective order, (Exhibits C and D respectively), sought to limit burdensome and expensive discovery into irrelevant topics as set forth in those documents.

13.   Admitted in part, denied in part. It is admitted that any defamatory comments made in 2009 and 2010 are time barred. In a defamation action, the statute of limitations is one year. 42 Pa. C.S.A. 5523. The statute of limitations period begins to run when the allegedly

defamatory comment is published. *McClenaghan v. Turi*, 567 Fed. Appx. 150, 153, 154 (3rd Cir. 2014) (The relevant triggering event for the statute of limitations in a defamation action is the publication of the defamatory communication, not the point in time when the plaintiff first learns of the communication). A claim for tortious interference with contract based on defamation is also subject to the one year statute of limitation. *McClenaghan v. Turi, supra* at 156. The remainder of paragraph (13) of plaintiff's appeal is denied. To the contrary, Walgreen asserts that any un - disseminated notations in Walgreen's computer system cannot constitute actionable defamation in that the un-disseminated comments do not meet the element of publication. If Walgreen pharmacists disseminated defamatory comments in 2009 and 2010 as plaintiff alleges, an action based on those comments would be time barred.

14. It is admitted that plaintiff filed the memorandum of law as specified.

15. It is admitted only that plaintiff attached certain exhibits to his reply to Walgreen's motion for protective order. The remaining allegations of paragraph (15) are denied. Moreover, plaintiff's claim for "fraudulent concealment" is proven meritless by plaintiff's own amended complaint and motion papers: *See e.g.*, plaintiff's amended complaint, (plaintiff's Exhibit 2), and plaintiff's reply to Walgreen's motion for protective order, (plaintiff's Exhibit 11, pp. 2, 3), in which plaintiff states that he was aware of the alleged defamatory comments made by Walgreen employees to plaintiff's patients in 2009 and 2010. Plaintiff hired counsel who spoke with and corresponded with Walgreen's counsel and threatened litigation over the alleged comments. After the correspondence and communications in 2009 and 2010 between counsel for Walgreen and counsel for plaintiff, plaintiff does not allege another defamatory comment until 2013.

3

16. Denied. In the telephone conference in question, Judge Sitarski directed counsel to address the following issues: Whether or not allegedly defamatory intra-corporate communications satisfies the element of publication; The role of the twelve Walgreen employees plaintiff seeks to depose; and the justification for plaintiff to depose two Walgreen in-house litigation counsel, and specifically whether the work product doctrine applies.

17. Denied. Judge Sitarski's December 8, 2014 order and Memorandum are self-explanatory.

18. Admitted.

19. Denied. Judge Sitarski states in her Memorandum of Law:

> The Court need not resolve the question of whether the notations in the prescriber profile system were 'published' within the meaning of governing defamation law … because Plaintiff has confirmed that his cause of action is based on the 'continual re-publication or repetition of information in the prescriber profile system to third parties, i.e., Plaintiff's patients…. ' (Supp. Memo 3, ECF No. 25. Because Plaintiff's defamation claim is based on the *pharmacists*' publication of information in Plaintiff's prescriber profile, discovery from these individuals about how and why the allegedly defamatory notations were entered into the profile does not appear to be relevant.

(Exhibit A, pp. 7, 8). (emphasis in original)

20. With the exception of the added emphasis, it is admitted that plaintiff quotes from Judge Sitarski's Memorandum.

21. Denied. Judge Sitarski's basis for her decisions is set forth in the December 8, 2014 Memorandum of Law. In addition to the language quoted by plaintiff, Judge Sitarski stated regarding the twelve witnesses plaintiff seeks to depose on the topic of the prescriber profile system that, "Plaintiff seeks information from these individuals that is beyond the scope of his defamation claim." (Exhibit A, p. 7).

4

22. Denied as stated. Plaintiff's corporate designee notice pertained to the prescriber profile system, which, as Judge Sitarski states, is irrelevant and beyond the scope of plaintiff's defamation claim. (Exhibit A, pp. 7, 8). Walgreen has no objection to producing a corporate designee in response to a notice listing appropriate topics. To date, plaintiff has not served such a notice.

23 - 24. Denied. The basis for precluding the depositions of Messrs. Freeman and Stacey is set forth in Judge Sitarski's Memorandum of Law and goes far beyond the possible implication of the attorney – client privilege. Defendant's position regarding the depositions of Messrs. Freeman and Stacey is set forth in its Motion for Protective Order, (Exhibit C, § C) and Supplemental Brief in Support of Motion for Protective order, (Exhibit D, § III). Moreover, plaintiff fails to suggest any basis whatsoever for his claim that the Walgreen attorneys waived the attorney - client privilege in communicating with plaintiff's counsel in 2009 and 2010.

## Standard of Review

25. Denied. The December 8, 2014 Order pertains only to a discovery dispute between the parties. As a non-dispositive motion, the Order should be set aside only if the District Judge finds it to be clearly erroneous or contrary to law. Fed. R. Civ. Pro. 72 (a).

26 - 34. Denied.

35 - 37. Denied. The Court did not address, let alone rule upon discovery directed at the time barred comments allegedly disseminated by pharmacists. The Court simply found that notations in Walgreen's computer system are irrelevant and beyond the scope of the defamation claim. The notations in question are to the effect that plaintiff was under DEA investigation, which are believed to be true assertions but whether true, or false and defamatory,

5

those notations in the computer system cannot constitute defamation unless published. The court has not ruled on or precluded plaintiff from conducting discovery into any published comments.[1]

### a. Ruling that There Has Been No Publication of Defamatory Statements in Prescriber Profile

38 – 49. Denied. Judge Sitarski did not specifically rule on the issue of whether or not non-disseminated notations existing in Walgreen's confidential computer system can meet the element of publication, because, as Judge Sitarski states:

> Plaintiff has confirmed that his cause of action is based upon 'the continual re-publication or repetition of information in the prescriber profile system to third parties, i.e., Plaintiff's patients when they go to one of Defendants' pharmacies to have a prescription filled which Plaintiff has written for them,' (Supp. Memo. 3, ECF No. 25). Because Plaintiffs' defamation claim is based on the *pharmacists'* publication of information in Plaintiff's prescriber profile, discovery from these [Walgreen employees] about how and why the allegedly defamatory notations were entered into the profile does not appear to be relevant.

(Exhibit A, pp. 7-8) (Emphasis in original).

Nothing in Judge Sitarski's Order precludes plaintiff from developing "its defamation claim against defendants based upon its liability for repetition by its pharmacists to plaintiff's patients of the defamatory information in its prescriber profile." (Plaintiff's Objections Pursuant to F.R.C.P. Rule 72 and Local Rule 72.1 to Magistrate Judge Sitarski's order Dated December 8, 2014 and Her Memorandum of Law in Support of That Order, at p. 40). For instance, plaintiff has not been precluded from noticing the depositions of any Walgreen pharmacist who allegedly disseminated a defamatory comment.

---

[1] Defendant will object to the deposition of Walgreen employees alleged to have made defamatory comments beyond the statute of limitation in as much as those depositions cannot lead to the discovery of admissible evidence.

The case law cited by plaintiff has no application to Judge Sitarski's decision to preclude plaintiff from conducting burdensome discovery into Walgreen's prescriber profile computer system. For instance, plaintiff's reliance on *Agriss v. Roadway Express*, 483 A.2d 456 (Pa. Super. 1984) is misplaced. In that defamation case, the Superior Court reversed the trial court's judgment of *non pros* on numerous grounds. Regarding the publication issue, the Superior Court noted that it is undisputed that the defamatory letter in question was "widely disseminated to persons who were not authorized to read the letter." *Id.* at 464. Here, plaintiff's cause of action is based on the alleged dissemination of defamatory statements by Walgreen pharmacists to plaintiff's patients. Although Walgreen disputes the truth of plaintiff's allegations, the Court has issued no ruling to inhibit plaintiff from pursuing his claim.

A brief look at the quoted portion of the Michigan case of *Tumbarella v. Kroger Co.,* 85 Mich. App. 482, 271 N.W. 2d 284 (1978), cited by plaintiff, (in paragraph 45), shows that the Michigan case also has nothing to do with the issues before the Court: According to the language plaintiff quotes, the letter in question was disseminated to unauthorized third parties, for which the defendant could be held liable. *Id.* There has been no ruling in this case, and no argument from defendant, that plaintiff should not be permitted to explore allegedly defamatory comments, disseminated to third parties.

50 - 57.    Denied. In further reply, plaintiff has not been precluded by any Court ruling from pursuing his claim that Walgreen pharmacists defamed him. Moreover, contrary to plaintiff's averments, the alleged potentially actionable defamatory statements by the pharmacists do not match the notations in the prescriber profile system.[2] Even if there was such

---

2    The amended complaint, (plaintiff's exhibit 2), lists the three following allegedly defamatory statements disseminated by pharmacists to patients:

7

a match, as Judge Sitarski notes, plaintiff's case is based on the dissemination of the allegedly defamatory comments by pharmacists to patients, not on notations existing in a computer file.

      **b.**      **Republication or Repetition to Prove Actual malice**

58 - 74.      Denied. In further reply, please see response to paragraphs (38) – (57) above, incorporated here by reference. Moreover, beyond the fact that the comments alleged to have been made in 2009 and 2010 are time barred,[3] the Court has not yet issued any ruling affecting plaintiff's ability to seek discovery of any published statement.

      **c.**      **Depositions of Freeman and Stacey to Prove Fraudulent Concealment That Tolls the Statute of Limitations**

75.      It is admitted that plaintiff quotes from Judge Sitarski's memorandum of Law.

76.      Denied. Judge Sitarski simply notes that plaintiff did not argue that the depositions of Walgreen's tort litigation counsel were sought in order to develop a fraudulent concealment theory.

---

      \*      On June 13, 2013, a Walgreen pharmacist refused to fill a prescription written by plaintiff, stating to the patient that plaintiff is on the DEA "red list" and is a "pill pusher banned by the DEA." (¶¶ 23 – 26).

      \*      On December 21, 2013, a Walgreen pharmacist refused to fill a prescription written by plaintiff stating to the patient that plaintiff is just dispensing narcotics. (¶¶ 30 – 34).

      \*      On March 23, 2014, a Walgreen pharmacist refused to fill a prescription written by plaintiff, stating to the patient that plaintiff is an irresponsible doctor who just writes scripts and probably does very little treating. (¶¶ 40 – 42).

The notation in question, previously entered into the prescriber profile system is: "Being investigated by DEA." (Plaintiff's Objections, ¶ 6). Therefore, the allegedly disseminated comments do not match the notation previously contained in Walgreens' prescriber profile system.

[33] 42 Pa. C.S.A. 5523. *See also, McClenaghan v. Turi*, 567 Fed. Appx. 150, 153, 154 (3rd Cir. 2014) (The relevant triggering event for the statute of limitations in a defamation action is the publication of the defamatory communication, not the point in time when the plaintiff first learns of the communication). A claim for tortious interference with contract based on defamation is also subject to the one year statute of limitation. *Id* at 156.

77 - 86.   Denied. To date, the Court has not issued an Order precluding plaintiff from deposing anyone with regard to any allegedly defamatory statements disseminated to plaintiff's patients. However, plaintiff argues in paragraph (80) of his Objections that he must depose the two Walgreen in-house tort litigation attorneys in order to advance his theory of fraudulent concealment: "Plaintiff asserts that the statute of limitations is tolled with respect to the two defamatory statements made on May 1, 2009 and July 23, 2010." Plaintiff and his lawyers were however, aware of the two alleged defamatory comments by Walgreen pharmacists made to patients in 2009 and 2010. In response to those two alleged comments, plaintiff's counsel discussed them with Walgreen's counsel via telephone and in correspondence to counsel, threatened to sue Walgreen. (See plaintiff's Exhibit 2, (Amended Complaint), ¶¶ 16 – 22 and plaintiff's Objections, ¶¶ 65 – 70). In as much as plaintiff and his lawyers acknowledged their awareness of the alleged defamatory statements in, respectively, 2009 and 2010, and threatened to file suit based on those comments, the argument advanced by plaintiff that the comments were fraudulently concealed is frivolous. Moreover, unpublished notations in Walgreen's computer system are beyond the scope of plaintiff's defamation claim as noted by Judge Sitarski on p. 7 of her Memorandum of Law and obviously did not in any way conceal the two alleged defamatory comments from pharmacists to patients in 2009 and 2010.

   **d.** **Waiver of the Attorney-Client Privilege**

87 - 89.   Denied. Moreover, the attorney – client privilege is not implicated by the telephone communications and correspondence between counsel for Walgreen and counsel for plaintiff. Plaintiff does not make a single reference to any attorney-client protected disclosure that could conceivably constitute a narrow or broad waiver of the privilege. In addition, the basis for precluding the depositions of Messrs. Freeman and Stacey is set forth in Judge Sitarski's

Memorandum of Law and goes far beyond the possible implication of the attorney – client privilege. Defendant's position regarding the depositions of Messrs. Freeman and Stacey is set forth in its Motion for Protective Order, (Exhibit C, § C) and Supplemental Brief in Support of Motion for Protective order, (Exhibit D, § III).

### e. Ruling on Corporate Designee

90 – 103. Denied. Judge Sitarski's ruling is that plaintiff may depose a corporate designee but not on the prescriber profile system: Judge Sitarski found that the information contained in the prescriber profile system is beyond the scope of plaintiff's defamation claim and precluded plaintiff from deposing the Walgreen employees on that subject. (Exhibit A, pp. 6, 7). Judge Sitarski also noted that defendant does not object to producing a corporate designee and that defendant will promptly produce a designee without the need for further court intervention. (Memorandum of Law, p. 11).

To date, plaintiff's counsel has never served a corporate designee notice other than the notice that pertained to the prescriber profile system, that was discussed by Judge Sitarski. Defense counsel will identify and produce a corporate designee in response to a proper notice, (i.e., on relevant subject matter), if plaintiff's counsel elects to serve such a notice.

### CONCLUSION

Plaintiff has not set forth any basis whatsoever to support a finding that Judge Sitarski's December 8, 2014 Order is clearly erroneous or contrary to law. For the reasons set forth in Judge Sitarski's Memorandum of Law and above, defendants Walgreen Co. and Walgreen Eastern Co., Inc. respectfully request that Judge Sitarski's Order be affirmed.

10

LITCHFIELD CAVO LLP

BY: */s/ Robert L. Sanzo*
Robert L. Sanzo, Esquire
Attorneys for Defendants,
Walgreen Co. and
Walgreen Eastern Co., Inc.
.

Dated: December 23, 2014

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE YARUS, D.O. | : | CIVIL ACTION |
| Plaintiff | : | NO. 2:14 – CV – 01656 - CDJ |
| v. | : | |
| WALGREEN COMPANY AND WALGREEN EASTERN CO., INC., | : | JURY DEMAND |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Robert L. Sanzo, Esquire, do hereby certify that the foregoing reply of defendant, Walgreen Co. and Walgreen Eastern Co., Inc. to plaintiff, Lance Yarus' objections to December 8, 2014 Order of Honorable Lynne A. Sitarski, was electronically filed with the Court and simultaneously on all parties of record, received service as follows:

> Stephen R. Bolden, Esquire
> Fell & Spalding
> 100 South Broad Street, Suite 2230
> Philadelphia, PA 19110
>
> John Innelli, Esquire
> John Innelli, LLC
> 1818 Market Street, Suite 3740
> Philadelphia, PA 19103

> LITCHFIELD CAVO LLP
>
> BY: /s/ *Robert L. Sanzo*
> Robert L. Sanzo, Esquire
> Attorneys for Defendants,
> Walgreen Co. and
> Walgreen Eastern Co., Inc.
> .

Dated: December 23, 2014