IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE YARUS, D.O., | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 14-1656 |
| | : | |
| WALGREEN COMPANY et al., | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 4th day of March, 2015, upon consideration of Plaintiff's Motion to Compel, (Dkt No. 19), Defendants' Response, (Dkt No. 22), Defendants' Motion for Protective Order, (Dkt No. 21), Plaintiff's Response, (Dkt No. 23), and supplemental memoranda thereto, (Dkt Nos. 25-26), the December 8, 2014 Order and Memorandum of Honorable Judge Lynne Sitarski, United States Magistrate Judge, dated December 8, 2014, (Dkt Nos. 36-37), Plaintiff's Appeal, (Dkt No. 40), Defendants' Response, (Dkt No. 44), and Plaintiff's Reply, (Dkt No. 47), it is hereby ORDERED that:

1. The Magistrate Court's Order, (Dkt No. 37), shall be reviewed *de novo* on its denial of Plaintiff's Motion to Compel the depositions of Robin Wheeler and eight additional Walgreen employees, and on its denial of Plaintiff's Motion to Compel the depositions of Attorneys Freeman and Stacey, but shall be reviewed for clear error on all other holdings.

2. Plaintiff's Objections, (Dkt No. 40), are SUSTAINED and the Magistrate Court's Order, (Dkt No. 37), is hereby REVERSED as to its holding denying Plaintiff's Motion to Compel the depositions of Robin Wheeler and eight additional Walgreen employees. Plaintiff's Motion to Compel the depositions of Robin Wheeler and eight additional Walgreen employees, (Dkt No. 19), is hereby GRANTED and Defendants' Motion for Protective Order as to these employees, (Dkt No. 21), is hereby DENIED. It is further ORDERED that Defendants promptly produce for deposition by Plaintiff:
    a. Robin Wheeler, with respect to what entries or deletions she made to the prescriber profile on Plaintiff.
    b. The eight employees whose names are contained on the prescriber profile for plaintiff who can be questioned with respect to what entries, deletions, or amendment they made to that prescriber profile.

3. Plaintiff's Objections, (Dkt No. 40), are SUSTAINED and the Magistrate Court's Order, (Dkt No. 37), is hereby REVERSED as to its holding denying Plaintiff's Motion to Compel the depositions of Attorneys Freeman and Stacey. Plaintiff's Motion to Compel the depositions of Attorneys Freeman and Stacey, (Dkt No. 19), is hereby GRANTED insofar as information sought is not protected by attorney-client privilege or the work product doctrine and Defendants' Motion for Protective Order as to these persons, (Dkt

    No. 21), is hereby DENIED. It is further ORDERED that Defendants promptly produce for deposition by Plaintiff:
   a. Michael Freeman, Esq. who can be deposed about those matters upon which he relied on in the telephone conversation on August 17, 2009 with Carol Critelli, the paralegal for Linda Schick, Esq.;
   b. Brett Stacey, Esq. who can be deposed upon those matters contained in his letter to Linda Schick, Esq., dated August 13. 2010.

4. Plaintiff's Objections, (Dkt No. 40), are OVERRULED and the Magistrate Court's Order, (Dkt No. 37), is hereby AFFIRMED as to Plaintiff's Motion to Compel the deposition of a corporate designee. (Dkt No. 37). Plaintiff's Motion to Compel the deposition of a corporate designee is DENIED AS MOOT and Defendants' Motion for Protective Order as to this designee, (Dkt No. 21), is hereby DENIED AS MOOT.

        BY THE COURT:

        /s/ C. Darnell Jones, II

        _____

        C. Darnell Jones, II     J.