# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE YARUS, D.O., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 14-1656 |
| | : | |
| WALGREEN COMPANY, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

**SITARSKI, M.J.**                                                                                                 July 1, 2015

Pending before the Court are Defendants' motions to preclude Jeffrey Grosso and Emma Grosso from testifying at trial due to previous failures to appear for deposition (ECF Nos. 67, 73) and Plaintiff's responses in opposition thereto.[1] (ECF Nos. 71, 78). In addition to moving to preclude Plaintiff from calling Mr. and Ms. Grosso as trial witnesses, Defendants seek monetary sanctions against these nonparty witnesses. For the reasons that follow, I will **DENY WITHOUT PREJUDICE** Defendants' motions.

## I. BACKGROUND

The facts and posture of this case are well-known to the Parties, so the Court provides only a brief recitation of the details pertinent to the motions at issue. Lance Yarus, D.O. ("Plaintiff") is a physician specializing in pain management. (Am. Compl. ¶ 10, ECF No. 10). Plaintiff alleges that certain pharmacists employed by Walgreen Company and Walgreen Eastern Company, Inc. ("Defendants") told Plaintiff's patients that their prescriptions could not be filled because Plaintiff was under investigation by the Drug Enforcement Administration ("DEA"). (*Id*. ¶¶ 16, 19, 23-42). Jeffrey Grosso ("Mr. Grosso") was one such patient. On June 13, 2013, Plaintiff alleges

---

[1] The Honorable C. Darnell Jones, II referred these motions to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 82).

that a Walgreen pharmacist told Mr. Grosso "in a loud voice, and in front of several other customers" that a prescription written by Plaintiff could not be filled because Plaintiff was on the DEA "red list" and because Plaintiff was "a pill pusher and banned from the DEA." (*Id.* ¶¶ 23-26). At some point thereafter, Mr. Grosso prepared a written statement memorializing the pharmacist's comments, which was produced to Defendants in discovery. (Defs.' Mot. to Preclude Jeffrey Grosso ¶ 4, ECF No. 67; Pl.'s Resp. ¶ 4, ECF No. 71). In this statement, Mr. Grosso explained that following this interaction with the pharmacist, his wife, Emma Grosso ("Ms. Grosso"), called the regional manager of Walgreen to complain. (Defs.' Mot. to Compel Dep. of Jeffrey Grosso Ex. A, ECF No. 50-3); (Defs.' Mot. to Preclude Emma Grosso ¶ 4, ECF No. 73).

Defendants have attempted to depose Mr. and Ms. Grosso on multiple occasions. With respect to Mr. Grosso, Defendants served a subpoena *duces tecum* on Mr. Grosso on November 7, 2014 to appear for deposition on November 14, 2014.[2] (Defs.' Mot. to Preclude Jeffrey Grosso ¶ 6). After Mr. Grosso failed to appear, Defendants served a second subpoena December 30, 2014, requiring Mr. Grosso to appear for deposition on January 8, 2015 and to produce "any and all prescription bottles, prescription labels and/or medication scripts" issued by Plaintiff. (*Id.* ¶ 9); (Defs.' Mot. to Compel Dep. of Jeffrey Grosso Ex. C, ECF No. 50-4). The process server certified that she placed the subpoena in the mailbox at the address where Mr. Grosso was believed

---

[2] Defendants moved this Court to compel Grosso's deposition following his failure to appear. (*Id.* ¶¶ 7-8); (Mot. to Compel, ECF No. 32). The Court denied Defendants' motion because the subpoena was not accompanied by the required attendance and mileage fees, and the failure to tender those sums to Mr. Grosso at the time of service served to invalidate the subpoena. (Order, ECF No. 35) (citing Fed. R. Civ. P. 45(b)(1) and 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2454 (3d ed. 2004)).

to reside.³ (*Id.*). Mr. Grosso did not appear on January 8, 2015. (Defs.' Mot. to Preclude Jeffrey Grosso ¶ 9). On January 13, 2015, Defendants re-sent the subpoena compelling Mr. Grosso to appear on January 8 along with a letter from defense counsel stating that Mr. Grosso's deposition had been rescheduled for January 21, 2015. (Defs.' Mot. to Compel Dep. of Jeffrey Grosso Ex. D, ECF No. 50-5). The letter requested that Mr. Grosso confirm receipt with counsel's office. (*Id.*). According to the process server, this letter and subpoena were signed for by "Tina Grosso for Jeffrey Grosso." (*Id.*). Mr. Grosso never confirmed receipt, and again failed to appear. (Defs.' Mot. to Preclude Jeffrey Grosso ¶ 10).

Defendants thereafter moved to compel Mr. Grosso's deposition. (Defs.' Mot. to Compel, ECF No. 50). The Court heard argument on this motion, and by Order dated January 26, 2015, commanded Mr. Grosso to appear for deposition on February 10, 2015. (Order, ECF No. 53). The January 26 Order expressly provided that should Mr. Grosso fail to appear, "Defendants may pursue appropriate remedies and penalties, including but not limited to . . . monetary sanctions and/or a finding of contempt . . . and moving the District Court to preclude Plaintiff from calling Mr. Grosso as a witness at trial." (*Id.*). Defense counsel asserts that it served the January 26 Order to Mr. Grosso via hand-delivery. (Defs.' Mot. to Preclude Jeffrey Grosso ¶ 13). The courier's receipt indicates that a Mr. Joseph Grosso signed for delivery. (*Id.* Ex. B, ECF No. 67-3). Jeffrey Grosso did not appear at the February 10 deposition. (*Id.* ¶ 14).

On April 28, 2015, Plaintiff informed Defendants via letter of his intent to call Mr. and Ms.

---

³ The Process Server explained that she initially attempted personal delivery, but was forcefully told by a woman at the residence that Mr. Grosso no longer lived there. (Defs.' Mot. to Compel Dep. of Jeffrey Grosso Ex. C, ECF No. 50-4). She then came to believe that service could be effectuated through placement in the mailbox due to instructions apparently included on the "Proof of Service" sheet. (*Id.*).

Grosso as trial witnesses. (*Id.* Ex. C, ECF No. 67-4). The following day, Defendants served Ms. Grosso with a subpoena *duces tecum* ordering her to appear for deposition on May 5, 2015. (Defs.' Mot. to Preclude Emma Grosso Ex. A, ECF No. 73-2). Though Ms. Grosso signed to acknowledge service (*id.* at 7), and did not object or attempt to reschedule the deposition, she failed to appear on May 5. (Defs.' Mot. to Preclude Emma Grosso ¶¶ 5-6). That same day, defense counsel moved to compel Ms. Grosso to appear for deposition. (Defs.' Mot. to Compel, ECF No. 68). The Court heard from the parties and ordered Ms. Grosso to appear for deposition on Monday, May 18, 2015.[4] (Order, ECF No. 70). The Order instructed that Defendants could serve a copy of the Order on Ms. Grosso by regular United States mail, and further provided that if Ms. Grosso failed to appear, Defendants could seek appropriate remedies and penalties. (*Id.*). Defendants mailed the order to Ms. Grosso at the same address at which Ms. Grosso had been served her subpoena. (Defs.' Mot. to Preclude Emma Grosso ¶ 9). Ms. Grosso failed to appear for her deposition on May 18, 2015. (*Id.* ¶ 10).

## II. LEGAL STANDARDS

A non-party's attendance at a deposition can be compelled only by subpoena. Fed. R. Civ. P. 30. Rule 45 governs subpoena practice in the federal courts and sets for the rules for subpoenas directed at non-parties. Subsection (b)(1) of that Rule provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that

---

[4] After Ms. Grosso failed to appear at her May 5 deposition, she represented to Plaintiff's counsel that she did not work on Mondays. (Pl.'s Resp. in Opp'n to Defs.' Mot. to Preclude Emma Grosso ¶ 7, ECF No. 78). Accordingly, the Court directed that her deposition should take place on a Monday, to accommodate her work schedule.

4

person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). "The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required" to effectuate the Rule's "delivery" requirement.[5] 9A Wright, Miller, Kane, & Marcus, *Federal Practice and Procedure* § 2454 (3d ed. 2014). Subpoenas that fail to comply with the strict personal service requirement of Rule 45(b)(1) are deficient and cannot be the basis for imposing discovery sanctions. *See, e.g., Alfamodes*, 2011 WL 1542670, at *1 (explaining that unless nonparties are properly served in accordance with Rule 45, "they cannot be held in contempt of the Court or subject to sanctions."). To prove sufficient service, a party must file "with the issuing court a statement showing the date and manner of service and the names of the persons served" and such statement "must be certified by the server." Fed. R. Civ. P.

---

[5] There is a split among the circuits whether "delivery" of the subpoena requires personal delivery. *Compare FTC v. Compagnie De Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980) (holding that rule does not permit any form of mail service and that compulsory process may be served upon an unwilling witness only in person) *with Firefighter's Institute for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (interpreting Rule 45(b)(1) to allow service by other than personal delivery if it is a method that ensures the subpoena is placed in the actual possession or control of the person served). Though the Third Circuit has not issued a precedential decision on this issue, District Courts in this Circuit have consistently applied Rule 45's service requirement strictly. *See, e.g. Alfamodes Logistics Liab. Co. v. Catalent Pharma Solutions, LLC*, No. 09-3543, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011) (explaining that efforts to deliver nonparty subpoenas by phone, former counsel, and personal delivery "do not amount to personal service under Fed. R. Civ. P. 45, because the nonparties have not obtained possession or control of the subpoenas by receiving, in effect or actuality, the subpoenas in-hand."); *Whitmer v. Lavida Charter, Inc.*, Civ. No. 91–0607, 1991 WL 256885 (E.D. Pa. Nov. 26, 1991) ("Personal service is required. Unlike service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness."); *see also Havens v. Mar. Commc'ns/Land Mobile, LLC*, No. 11-993, 2014 WL 2094035, at *3 (D.N.J. May 20, 2014) (rejecting argument that service on attorney satisfies "the more specific requirement in Rule 45(b)(1)); *Duffy v. Kent County Levy Court*, 800 F.Supp.2d 624, 629 (D.Del. 2011) ("A majority of courts have held that Rule 45 requires personal service of subpoenas.").

45(b)(4).

With respect to discovery sanctions, Rule 45(g) permits the court issuing a subpoena to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id.* 45(g). Further, under Federal Rule of Civil Procedure 37(b)(1), a deponent may be sanctioned for failure to comply with a court order. *Id*. 37(b)(1) ("If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court."). The Third Circuit has explained Rule 37(b)(1) "grants a district court the authority to punish a nonparty for failing to follow the court's directions." *Gen. Ins. Co. of Am. v. E. Consol. Utilities, Inc.,* 126 F.3d 215, 220 n.3 (3d Cir. 1997) (citing *Miller v. Transamerican Press, Inc.*, 709 F.2d 524 (9th Cir. 1983) for the proposition that that Rule 37(b)(1) sanctions may be available against a nonparty deponent who failed to appear at a deposition in violation of a court order).

Monetary sanctions are not expressly made available against a nonparty under Rule 37(b)(1) or Rule 45.[6] However, it is well-established that a court may impose fines as a punishment for contempt. *See* 18 U.S.C. § 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."); *Gen. Ins.*, 126 F.3d at 220 (district court did not abuse authority where it found nonparty in civil contempt for failing to obey court orders and ordered him to repay expenses and

---

[6] Both monetary and non-monetary sanctions are available under Rule 37(b)(2). *See* Fed. R. Civ. P. 37(b)(2). However, in *General Insurance*, the Third Circuit explained that this provision does not apply to nonparties. *Gen. Ins.*, 126 F.3d 215at 220 ("Rule 37(b)(2) applies only to parties, and we have found no case that has applied Rule 37(b)(2) to a nonparty").

attorney's fees related to his noncompliance). A Magistrate Judge's contempt authority is set forth in 28 U.S.C. § 636(e). The statute provides that, except where a Magistrate Judge exercises consent jurisdiction in civil cases under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Instead:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reasons of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii). The Third Circuit has recently explained that the certification procedure set forth in § 636(e)(6)(B)(iii) requires a Magistrate Judge to certify facts of the alleged contempt to the District Judge, who in turn must hold a hearing to determine those facts. *Wallace v. Kmart Corp.*, 687 F.3d 86, 91-92 (3d Cir. 2012).

## III. DISCUSSION

Defendants ask the Court to impose two discovery sanctions: to preclude Mr. and Ms. Grosso from testifying at trial or, in the alternative, to require that Mr. Grosso and Ms. Grosso be made to appear for deposition and pay sanctions in the amount of $1,000 and $750, respectively, to reimburse Defendants for the attorney's fees related to the prior depositions. (Defs.' Mot. to Preclude Jeffrey Grosso ¶¶ 16, 19, 21); (Defs.' Mot. to Preclude Emma Grosso ¶¶ 11-12, 14). For the reasons that follow, the Court will deny without prejudice Defendants' motions.

With regard to the request to preclude, the Court finds such request premature because the parties may yet be able to arrange for the deposition of these witnesses prior to trial. Notably, a trial date has not yet been set in this matter, so there is little prejudice to Defendants in denying

7

their motion for the present moment. Though fact discovery closed on April 30, 2015, (*see* Order, ECF No. 65), the docket reflects that the parties continue to engage in discovery. In any event, a court may modify a scheduling order upon a showing of "good cause. Fed. R. Civ. P. 16(b)(4). This authority extends to requests to reopen discovery, which is committed to the court's sound discretion. *LeBoon v. Lancaster Jewish Cmty. Ass'n*, 503 F.3d 217, 235 (3d Cir. 2007). Good cause exists to reopen fact discovery until August 31, 2015, the date of the close of expert discovery, for the limited purpose of taking these depositions.

In addition to the fact that it remains feasible to schedule the deposition of these witnesses, the Court believes that preclusion is not presently warranted because it is not entirely clear that Defendants meticulously complied with Rule 45's requirements in serving the subpoenas. As set forth in greater detail *supra*, issues remain as to whether Defendants have fully complied with the requirements of Rule 45 in serving any of Mr. Grosso's subpoenas.[7] Likewise, as far as Ms. Grosso is concerned, though her initial subpoena was properly served, it set forth a deposition date only a few days after the date of service. The Court ordered her deposition rescheduled to accommodate her work schedule; however, there is no evidence that she received this order as it

---

[7] The first subpoena for Mr. Grosso was deficient for failing to include the statutory mileage and witness fees. (Order, ECF No. 35). Though this defect was cured in the second subpoena, which scheduled Mr. Grosso for deposition on January 8, 2015, the process server failed to effectuate personal service in accordance with Rule 45 when she left the subpoena in the mailbox at the address where Mr. Grosso purportedly lived. (See Defs.' Mot. to Compel Dep. of Jeffrey Grosso Ex. C, ECF No. 50-4). Then, what Defendants refer to as the third subpoena — the second subpoena with a letter informing Mr. Grosso his subpoena was now scheduled for January 21, 2015 — was signed for by Tina Grosso. (*Id.* Ex. D, ECF No. 50-5). Moreover, the court order directing Mr. Grosso to appear for deposition was not accepted by Mr. Grosso personally, but rather by Joseph Grosso, whom Plaintiff believes to be Mr. Grosso's brother. (Pl.'s Resp. in Opp'n to Preclude Jeffrey Grosso ¶ 13).

was sent via regular rather than certified mail.[8]   In light of these deficiencies, the Court believes it is incumbent on Defendants to make one final attempt to depose these witnesses.

The parties should work cooperatively to schedule the depositions of Mr. and Ms. Grosso. Plaintiff should reach out to these Mr. and Ms. to identify a date and time prior to August 31, 2015, that is convenient for deposition, and communicate this information to defense counsel. Additionally, Plaintiff should stress to his witnesses the importance of obeying the subpoena — a Court order — and the potential ramifications, such as a finding of contempt and the imposition of fees and costs, should they fail to appear.   To the extent that Plaintiff's attorneys hold any sway over either of these witnesses, the Court suggests that it is in Plaintiff's interest to exercise it. [9]

For their part, Defendants are instructed to attempt service on the third party witnesses again, scrupulously complying with the personal service requirements of Rule 45 as the failure to effectuate personal service in accordance with the Rule may render the subpoenas deficient. Should either witness fail to appear in response to properly-served subpoenas, Defendants may renew their motion to preclude the witnesses' testimony.

In light of the foregoing, the Court will also deny without prejudice Defendants' motions

---

[8]  The Court recognizes that it granted Defendants' request to serve the Order via regular mail.   However, given the endless problems and controversies that have arisen in connection with serving subpoenas on these two witnesses, the Court should have declined Defendants' request to take a shortcut.   In retrospect, the Court should have directed the Defendants to serve the Order via some other, more reliable means, such as personal service, or certified mail, at the least.

[9]  The Court recognizes that these two witnesses are third parties, and Plaintiff's attorneys apparently do not represent them.   However, Plaintiff's attorneys are specifically cautioned that it seems fundamentally unfair to allow a third party witness to dodge service of (or simply ignore) discovery subpoenas, and then magically appear and testify in response to a trial subpoena. Based upon this Court's understanding of this case, the testimony of one (or both) of these witnesses may be critically important to Plaintiff's case.   The Court cannot condone "litigation by ambush" — even if such tactics are being deployed by third parties to the case.

insofar as they request to impose a monetary penalty against either Mr. or Ms. Grosso. As explained above, fees can only be assessed against non-party witnesses upon a finding of civil contempt. To find nonparties in civil contempt, this Court must certify facts to the District Court, which will hold a hearing on the issue. Certification of facts may require additional briefing from the parties and oral argument, given certain disputed facts involving the service of the various subpoenas and documents. Accordingly, I find it appropriate to defer on this request pending the outcome of the final attempt to depose Mr. and Ms. Grosso. Should either witness again fail to appear, Defendants may renew these motions and modify their request for sanctions to incorporate any additional fees and costs incurred.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' motions to preclude Jeffrey and Emma Grosso from testifying at trial are denied without prejudice. Insofar as Defendants seek to impose monetary sanctions on these nonparty witnesses, the Court will defer on this issue for the time being. An appropriate order follows.

BY THE COURT:

 /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE