IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE YARUS, D.O., : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| : | NO. 14-1656 |
| v. : | |
| : | |
| WALGREEN COMPANY and : | |
| WALGREEN EASTERN CO., INC., : | |
| : | |
| Defendants, : | |

**Jones, II, J.**                                                                                          **August 24, 2015**

**<u>MEMORANDUM</u>**

On July 1, 2015, Walgreen Co. and Walgreen Eastern Co. ("Defendants"), filed a Motion, (Dkt No. 84 [hereinafter Def. Mot.]), and Memorandum of Law, (Dkt No. 84-2 [hereinafter Def. Memo.]), to add to the verdict slip or alternatively to join as third-party Defendants, James Tinnyo, Esq. and the Law Firm of Thomas, Thomas & Hafer, LLP (collectively the "Tinnyo Parties"). Defendants argue that the Court should add the Tinnyo Parties to the Verdict Slip in this action, without formally joining them as Third-Party Defendants. Alternatively, Defendants request permission by this Court to file a Third-Party Complaint and have the Tinnyo Parties joined as Third-Party Defendants in this action.

On July 14, 2015, Lance Yarus, D.O. ("Plaintiff"), filed a Response to Defendants' Motion. (Dkt No. 88 [hereinafter Pl. Resp.].) Plaintiff asserts that Defendants' Motion to add the Tinnyo Parties to the Verdict Slip is not appropriate and that Defendants' Motion to Join the Tinnyo Parties as Third-Party Defendants is: (1) untimely, (2) prejudicial to Plaintiff, (3) prejudicial to the Tinnyo Parties, (4) risks complicating issues at trial, and (5) risks causing trial delay.

1

Upon consideration of Plaintiff's Amended Complaint, (Dkt No. 10 [hereinafter AC]), Defendants' Answer to Plaintiff's Amended Complaint (Dkt No. 12 [hereinafter Answer]), Defendants' Motion and attached Memorandum, Plaintiff's Response, the expert report of Dr. Paul M. DiKun, (Dkt No. 84-5; Dkt No. 88-5; Dkt No. 89-24 [hereinafter Dikun Rep.]), the expert report of Dr. Nicholas DePace (Dkt No. 84-6; Dkt No. 88-6; Dkt No. 89-25 [hereinafter DePace Rep.]), and the Joint Tortfeasor Release, Confidentiality and Indemnity Agreement found in a previous settlement between Plaintiff and the Tinnyo Parties (Dkt No. 84-10 [hereinafter Release]), this Court holds that Defendants' Motion is DENIED.

**I. Procedural History**

On September 25, 2013, Plaintiff filed a lawsuit captioned *Yarus v. James Tinnyo, Esquire and the Law Firm of Thomas, Thomas & Hafer*, in the Philadelphia Court of Common Pleas, Dkt No. 130902964, asserting claims of defamation and interference with present and prospective contractual relationship against the Tinnyo Parties (hereinafter the "Tinnyo Action"). (Def. Mot. at 2; Pl. Resp. at 2.) On February 26, 2014, Plaintiff filed a Complaint in the instant action. (Def. Mot. at 1; Pl. Resp. at 2.) On March 20, 2014, Defendants removed the case to this Court. (Dkt No. 1; Def. Mot. at 1; Pl. Resp. at 2.) On March 27, 2014, Defendants filed an Answer to Plaintiff's Complaint. (Answer; Pl. Resp. at 2.)

On May 16, 2014, Plaintiff filed an Amended Complaint with the Court's permission. (AC; Def. Mot. at 2; Pl. Resp. at 3.) On June 17, 2014, Defendants filed their Answer to the Amended Complaint. (Answer; Def. Mot. at 2; Pl. Resp. at 3.)

On April 1, 2015, Plaintiff settled the lawsuit with the Tinnyo Parties, and the Release was negotiated and signed on or around that date. (Release; Def. Mot. at 3; Pl. Resp. at 7.)

**II. Background**

Plaintiff is a doctor with a practice in pain management. (Def. Mot. at 2; Pl. Resp. at 3.) Plaintiff alleges that pharmacists at Defendants' Walgreen stores: refused to fill Plaintiff's patients' prescriptions, falsely informed Plaintiff's patients that Plaintiff was under investigation by the DEA, and made comments that Plaintiff's practice of medicine was unethical. (Def. Mot. at 2; Pl. Resp. at 3.) In the Tinnyo Action, Plaintiff alleged that one of the Tinnyo Parties called Plaintiff a "cokehead" during a deposition. (Def. Mot. at 2; Pl. Resp. at 4.)

Across the two lawsuits, Plaintiff alleged that the comments made by Defendants' pharmacists, as well as the Tinnyo Parties, led to Plaintiff's heart attack on April 17, 2014 and subsequent heart bypass surgery on April 19, 2014. (Def. Mot. at 2; Pl. Resp. at 4.) In the instant case and the Tinnyo Action, Plaintiff produced the same two expert reports by Dr. DiKun and Dr. DePace. (Def. Mot. at 3; Pl. Resp. at 5-6.) The experts' reports state that the Tinnyo Parties and Defendants were both responsible for the stress and emotional injury leading to the April 17th heart attack. (Dikun Rep.; DePace Rep.; Def. Mot. at 3; Pl. Resp. at 5-6.)

After a telephone conference on June 22, 2015 and subsequent Order issued on June 25, 2015 from Magistrate Judge Lynne A. Sitarski, Plaintiff produced an unsigned copy of the Release from the Tinnyo Action with the amount of consideration redacted. (Release; Def. Mot. at 3-4; Pl. Resp. at 7.) The Release considers that if it is judicially adjudicated that the Tinnyo Parties are joint tortfeasors with Defendants, then there will be a reduction in the verdict and/or judgment against Defendants in the amount of the adjudicated percentage liability of the Tinnyo Parties. (Release at 3-4.)

**III. Standard of Review**

**A. Reduction of Verdict due to Release between Plaintiff and Joint Tortfeasor**

Under Pennsylvania law,

> A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides, but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid.

42 Pa.C.S.A. § 8326. Pursuant to section 8326, to make such reductions in the amount owed, the third party must have been established as a joint tortfeasor with the defendant. *Rocco v. John-Manville Corp.*, 754 F.2d 110, 114 (3d Cir. 1985).

Establishing a third party as a joint tortfeasor can be done by Plaintiff's concession or by adjudication. *Mazer v. Security Ins. Group*, 507 F.2d 1338, 1342 (3d Cir. 1975). Where there is no apparent "judicial determination" of joint tortfeasor status, but there exists unambiguous language in the release conceding the same, the release is a "Griffin Release." *Griffin v. United States*, 500 F.2d 1059, 1072 (3d Cir. 1974); *see also Crider v. Black & Decker Inc.*, 1995 WL 366097, at *2 (E.D. Pa. 1995); *Cole v. Altieri*, 534 F.Supp. 165, 167 (E.D. Pa. 1981). A "Griffin Release" can support the reduction of damages post-verdict. *In re Diet Drugs*, 2000 WL 1222042, at *64-66 (E.D. Pa. 2000). A "Griffin Release" is established when: the parties stipulate, or refuse to deny, the joint tortfeasor status of the settling defendant(s) in relation to the dispute, and the injured party concedes by acceptance of the aforementioned stipulation that a judgment in any subsequent lawsuit containing these defendants and of the same subject-matter will be reduced to the extent agreed upon. *Griffin*, 500 F.2d at 1072; *see also Castillo v. Roger Const. Co.*, 560 F.2d 1146, 1152 (3d Cir. 1977).

The practical application of a "Griffin Release" is twofold: it saves the settling defendant the time and expense of being a party to the suit, while ensuring that the injured party need not establish the joint-tortfeasor status of the settling defendant following amicable stipulation and settlement. *See, e.g.*, *Carr v. American Red Cross*, 17 F.3d 671, 683 (3d Cir. 1994); *Young v. Verizon Allsteel Press Co.*, 524 F. Supp. 1147, 1149 (E.D. Pa. 1981).

Defendant argues that this statute and relevant case law support adding the Tinnyo Parties to the verdict sheet so that the jury may apportion damages.

**B. Late Joinder of Third-Party Defendant**

A defendant seeking to file a third-party complaint against a nonparty must conform to Federal Rules of Civil Procedure 14(a)(1) and Eastern District of Pennsylvania Local Rule 14.1.(a). Fed. R. Civ. P. 14(a)(1) states:

> Timing of the Summons and Complaint. A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

If the third-party plaintiff is seeking to file a claim to implead a third-party defendant past this fourteen (14) day period, the plaintiff has an extension option, pursuant to Eastern District of Pennsylvania Local Rule 14.1(a), which states:

> Applications pursuant to Fed. R. Civ. P 14 for leave to join additional parties after the expiration of the time limits specified in that rule will ordinarily be denied as untimely unless filed not more than ninety (90) days after the services of the moving party's answer. If it is made to appear, to the satisfaction of the court, that the identity of the party sought to be joined, or the basis for joinder, could not, with reasonable diligence, have been ascertained within said time period, a brief further extension of time may be granted by the court in the interest of justice.

The time limits for filing such motions are not "cast in stone," but rather, they allow the Court "substantial room for the exercise of [its] discretion." *Roberts v. Leasure*, 2006 WL

1967335, at *2 (E.D. Pa. 2006) (quoting *Hornsby v. Johns-Manville Corp.*, 90 F.R.D. 367, 369 (E.D. Pa. 1982)); *see also Goodman v. Neff*, 251 F. Supp. 562, 564 (E.D. Pa. 1966) (holding that a violation of the Local Rule should not *per se* bar the motion; rather, the Rule's timeframe should be used as an "excellent guide" to the court's discretion).

In its discretion, "the Court may consider: (1) the possible prejudice to the plaintiff; (2) the potential for complication of issues at trial; (3) the probability of trial delay; and (4) the timeliness of the attempt to join third parties" *Campbell v. Oxford Electronics Inc.*, 2008 WL 2978550, at *2 (E.D. Pa. 2008) (citing *Con-tech Sales Defined Benefit Trust v. Cockerham*, 715 F. Supp. 701, 704 (E.D. Pa. 1989)).

The Court may also consider "whether the delay will cause any harm to the proposed third-party defendant, and whether the third-party plaintiff has any excuse for its delay." *Torres v. Control Building Services*, 2009 WL 2951026, at *1 (E.D. Pa. 2009). Defendant bears the burden of showing "special circumstances to excuse the delay." *Bunzi Pulp & Paper Sale, Inc. v. Golder*, 1995 WL 89026, at *4 (E.D. Pa. 1995) (quoting *Jagielski v. Package Machine Co.*, 93 F.R.D. 431, 432 (E.D. Pa. 1981)). "[I]nadvertence or carelessness of the movant is not a sufficient reason." *Tate v. Rowen*, 1989 WL 851, at *1 (E.D. Pa 1989) (citing *Thompson v. Phillips Equipment & Supply Co.*, 53 F.R.D. 91, 92 (E.D. Pa. 1971)).

Finally, courts have found that where claims against the third-party defendants are "essentially the same as those alleged in Plaintiff's complaint," there is less chance of delay or complications at trial. *Naramanian v. Greyhound Lines, Inc.*, 2010 WL 4628096, at *5 (E.D. Pa. 2010); *but see Scott v. Walter Kiddle Portable Equipment Inc.*, 2002 WL 1880521, at *3 (E.D. Pa. 2001).

### IV. Analysis

### A. The Court will not add the Tinnyo Parties to the verdict slip.

Defendants seek for the Court to add the Tinnyo Parties to the verdict slip without requiring *pro forma* joinder of them as Third-Party Defendants pursuant to Fed. R. Civ. P. 14(a). (Def. Memo. at 5.) Defendants argue that the Release signed by the Tinnyo Parties and Plaintiff was a "Griffin Release." (Def. Memo. at 7-9.) Thus, Defendants argue, the jury should be able to apportion liability to the Tinnyo Parties via their addition to the verdict sheet absent *pro forma* joinder. (Def. Memo. at 7.)[1]

The Court looks to the language of the Release to see if the Release qualifies as a "Griffin Release." The Release states:

> IT IS FURTHER UNDERSTOOD AND AGREED that if RELEASEES were joined or any released party were joined or otherwise made a party to the *Yarus v. Walgreens* matter and **if it were adjudicated** in the *Yarus v. Walgreens* matter or in any other suit, action or proceeding commenced by RELEASOR or any person or entity in connection with and/or related to the subject Legal Action and/or any claims for damages in the Legal Action and/or claims for damages released in this Joint Tortfeasor Release, Confidentiality, and Indemnity Agreement, that any and all RELEASEES **were found to be joint tortfeasor(s)** or committed any act or omission jointly with any other party, person or entity which caused or contributed to RELEASOR'S alleged damages, losses or expenses, or should it appear or be adjudicated that any and all RELEASEES are otherwise liable to any other person, party or entity for RELEASOR'S alleged damages, losses or expenses, then as a further consideration for the Settlement Payment made by RELEASEES, the RELEASOR agrees to reduce the RELEASOR's total damage award at trial.
> \*\*\*
>
> IT IS FURTHER UNDERSTOOD that if RELEASEES were joined or otherwise made a party to the *Yarus v. Walgreens* matter and **if it were adjudicated** in the *Yarus v. Walgreens* matter or in any other suit, action or proceeding in connection with and/or related to the subject Legal Action, that any and all RELEASEES **is/are found to be**

---

[1] The Court notes that the parties fail to cite, and the Court has not found upon independent review, any case where *Griffin* was used pre-verdict to justify placement of a nonparty on the verdict sheet. In contrast, the Court has only found examples where *Griffin* was used post-verdict to reduce a damages award. *See Mazer*, 507 F.2d at 1342 (applying Griffin post-verdict in order to reduce a judgment.); *Montgomery Cnty. v. Microvote Corp.*, 320 F.3d 440, 450 (3d Cir. 2003) (same); *Rocco*, 754 F.2d at 115 (same); *Crider*, 1995 WL 366097, at \*1-2 (same); *Cole*, 534 F.Supp. at 167-68 (same).

>    **joint tortfeasor(s)** or committed any act or omission jointly with any other party, person
>    or entity which caused or contributed to RELEASOR'S alleged damages, losses or
>    expenses, RELEASOR specifically agrees to mold any recovery which may be awarded,
>    or verdict and/or judgment which may be entered against any other party in *Yarus v.
>    Walgreens* or in any other suit, action or proceeding commenced by RELEASOR.

(Release at 2-3 (emphasis added.))

In *Griffin*, the release stated in relevant part:

> In order to avoid inconvenience and expense to the released party, Pfizer Inc., in any
> action in which the said Pfizer Inc. is or may be a defendant or third-party defendant
> together with other alleged tortfeasors, it is further agreed by us that any verdict rendered
> against the other alleged tortfeasors shall be reduced by the pro-rata share of the party
> released herein, Pfizer Inc. and any judgment entered on said verdict shall be in the
> amount of the verdict reduced by the pro-rata share of the party released herein, **whether
> or not the released party herein was in fact a joint tortfeasor**.

*Griffin*, 500 F.2d at 1072 (emphasis added).

The Release is not a "Griffin Release." The language of the Release repeatedly states that the joint tortfeasor status must be determined through adjudication. There is no concession or stipulation made that the Tinnyo Parties are joint tortfeasors. In contrast, a "Griffin Release" would not require adjudication of the joint tortfeasor status in order for the damages to be reduced. A "Griffin Release" would allow for damages to be reduced to the extent agreed upon by the putative joint tortfeasor "whether or not the released party herein was in fact a joint tortfeasor." *Griffin*, 500 F.2d at 1072.

Thus, the Court finds that *Griffin* does not support allowing the Tinnyo Parties to be added to the verdict sheet pursuant to 42 Pa.C.S.A. § 8326.[2]

---

[2] In an act reflecting respect for the Court, counsel for Plaintiff wrote to the Court on August 10, 2015 to report an error in their responsive submission. Plaintiff's Response failed to apprise the Court of 42 Pa. C.S.A. § 7102(a)(2). Section 7102(a)(2) provides that: "For purposes of apportioning liability only, the question of liability of any defendant or other person who has entered into a release with the plaintiff with respect to the action and who is not a party shall be transmitted to the trier of fact upon appropriate requests and proofs by any party." The Court is grateful for counsel's candor.

The Court notes that it will not apply this statute at this time as no "appropriate request[]" nor "proof[]" was made to the Court under section 7102(a)(2) in Defendants' original Motion. Defendants did

### B. The Court Will Not Allow Defendants To File A Third-Party Complaint To Join The Tinnyo Parties.

Defendants move the Court for permission to file a Third-Party Complaint joining the Tinnyo Parties to the action. (Def. Memo. at 6.) Plaintiff maintains that the Motion: is untimely, may cause prejudice to the Plaintiff, may complicate issues at trial, and will cause a substantial delay in trial. (Pl. Resp. 12-17.) The Court will analyze these issues in turn.

### i. Defendants' Motion is untimely.

Defendants' Motion fails to provide sufficient justification for their blatant disregard of the timing aspect of both Federal Rule of Civil Procedure 14(a) and Local Rule 14.1(a). (Def. Memo at 11.) Courts in this Circuit have generally been unwilling to allow a late moving party, acting as third-party plaintiff, to join a third-party defendant to an action where there is no valid justification for the delay. *See, e.g.*, *Campbell*, 2008 WL 2978550, at *3 (denying a motion made seven (7) months after the filing of defendant's answer because there was no justification for the delay); *Sullivan v. Limerick Golf Club, Inc.*, 2008 WL 2502133, at *2 (E.D. Pa. 2008) (holding that when the identity of the putative third-party defendants is found in documents filed with the court, the third-party plaintiff has no meritorious justification as to why he did not assert claims against third-party defendant within the timeframes of Local Rule 14); *United States v. Alcan Aluminum, Inc.*, 1990 WL 149165, at *2 (E.D. Pa. 1990) (denying the motion to join where the moving party had knowledge of or "reasonably suspected that it had a claim against" the third party defendant and did not file a motion within the ninety (90) day timeframe); *Goodman*, 251 F. Supp at 564 (affirming the edict that a defendant has a duty to show "why his tardy motion to join should be allowed").

---

not reference this statute; nor did they cite to any cases applying it. The Court notes that Defendants reserve the right to raise such issues in a subsequent motion.

Where there is a reasonable justification for the delay, or the late moving party has shown that the other factors to be considered outweigh the timeliness of the motion, the court has been willing to allow the untimely motion. *See, e.g.*, *Naramanian*, 2010 WL 4628096, at *5 (granting impleader motion seven (7) months after the ninety (90) day extension, because little discovery had been completed and the case was still in relatively early stages of litigation); *Torres*, 2009 WL 2951026, at *3 (granting the motion twenty-eight (28) days after the conclusion of the ninety (90) day extension due to the complexity of the litigation); *Roberts*, 2006 WL 1967335, at *2 (granting the motion thirty-one (31) days after the conclusion of the ninety (90) day extension because the mistake was "relatively innocuous" and not "exceedingly dilatory"); *Afif v. RMI*, 93 F.R.D. 429 (E.D. Pa. 1982) (granting the motion seventeen (17) months after the movant filed their answer because movants had "proceeded with due diligence" to acquire the name of the third-party defendant); *Jagielski*, 93 F.R.D. at 433 (granting a motion filed eighteen (18) months after defendant's answer because the joinder would not result in undue delay or extensive confusion for the jury).

Here, Defendants' Answer was filed on June 17, 2014. (Answer.) The ninety (90) day extension found in Local Rule 14.1(a) would set the date for filing a timely Third-Party Complaint on or around September 15, 2014. Defendants' present Motion was filed on July 1, 2015, thirteen (13) months after the Answer. (Def. Mot.) This is clearly a very untimely motion.

Defendants assert that joinder of the Tinnyo Parties only became "feasible" on June 22, 2015, after they were given a copy of the Release. (Def. Memo. at 11.) However, the record indicates that Defendants should have been aware of the Tinnyo Parties and their possible contribution to this case long before then. (Def. Mot. at 3; Pl. Resp. at 14.) Plaintiff alleges that Defendants received the expert report of Dr. Dikun on October 22, 2014. (Pl. Resp. at 14; *see also* Def. Mot.

at 2-3.) Dr. Dikun's expert report alleges that the injuries sustained by Plaintiff were caused by the Tinnyo Parties as well as Defendants. (Dikun Rep. at 1-3, 5.) Thus, Defendants waited more than eight (8) months after receiving this information about the Tinnyo Parties' involvement to file this Motion for joinder. (Pl. Resp. at 14.) Further, Defendants received the expert report of Dr. DePace on or around November 24, 2014. (Pl. Resp. at 14; *see also* Def. Mot. at 2-3.) Dr. DePace's report also contained information linking the Tinnyo Parties and Defendants to Plaintiff's coronary injuries. (DePace Rep. at 4-5, 8-9, 13-15.) Defendants waited roughly seven (7) months after receiving Dr. DePace's report to file this Motion.

Plaintiff further alleges that Defendants were invited to mediation with the Tinnyo Parties on February 12, 2015. (Pl. Resp. at 14.) Almost five (5) months elapsed from that invitation to the filing of the Motion. From the submission of expert testimony, which cites both parties as contributing to the alleged injuries, to the invitation for mediation of the dispute, Defendants should have known of the Tinnyo Parties' place in this litigation long before the filing of this Motion.

Defendants were exceedingly dilatory in filing the instant Motion. Furthermore, Defendants proffer no justifiable reason why the Motion was filed more than a year after their Answer. Thus, the Court finds Defendant's Motion untimely.

### ii. The untimely motion will cause prejudice to the Plaintiff.

Plaintiff asserts that due to the untimeliness of the Motion and the late stage of this litigation, joinder of the Tinnyo Parties at this point would prejudice him because additional discovery will need to take place. (Pl. Resp. at 15-16.) Defendants maintain that no prejudice would come to fruition because the same expert testimony was used in both cases and Plaintiff has already litigated the suit against the Tinnyo Parties with the same counsel. (Def. Memo. at 11.)

In this case, the burden is firmly on the moving party to justify that their untimely motion would not prejudice Plaintiff. Defendants are right to assert that the expert testimony is the same as what was proffered in the Tinnyo Action, thus no further reports from these sources would likely be necessary. (Def. Memo. at 11.) However, this assumes that Drs. Dikun and DePace will be the only experts offered. Plaintiff may seek to re-open discovery in light of the new party. Any such discovery extensions would prolong a discovery period that the Court has already extended. (Dkt Nos. 55, 60.) Where there is an increase in the "inconvenience and cost of [the] litigation," especially after the discovery deadline has been re-established multiple times, the court has found there to be sufficient prejudice to the Plaintiff. *See, e.g.*, *Carney's Point Metal Processing Inc. v. RECO Constructors*, 2006 WL 924992, at *2 (E.D. Pa. 2006).

### iii. Joining the Tinnyo Parties would likely not complicate issues at trial.

Plaintiff asserts that adding the Tinnyo Parties would complicate issues at trial because there is an attorney-client privilege problem issue. (Pl. Resp. at 17.) Plaintiff also asserts that the loss-of-business-income claims are different between the Tinnyo Action and the instant matter. (Pl. Resp at 17.) Thus, trying to present these claims in a concise way to the jury could be complicated. (Pl. Resp. at 17.)

Defendants assert that even absent joinder, evidence of the Tinnyo Parties' liability will be offered into evidence. (Def. Memo. at 11.) Defendants argue that evidence of the Tinnyo Parties' alleged defamation is "an integral part of this matter" because Plaintiff alleges the same damages stemming from two separate sources. (Def. Memo. at 11.)

The Court finds that this factor weighs in favor of Defendants' Motion. Evidentiary issues will be decided at a later date, but the principle remains that the addition of the Tinnyo Parties

would likely not add substantial complications to the already complicated issues likely to be addressed at trial.

### iv. Joining the Tinnyo Parties may lead to a delay of trial.

Plaintiff asserts that in the aggregate, all of the aforementioned factors will undoubtedly cause delay in the trial date. (Pl. Resp. at 18.) Defendants argue that no delay will result because the Tinnyo Parties do not face any financial liability and as such they have no need for pre-trial discovery or any continuation of the matter. (Def. Memo. at 11.)

Defendants fail to appreciate the impact a lawsuit will have on the reputation of the Tinnyo Parties, especially in light of the fact that they have previously settled their dispute with Plaintiff. The Tinnyo Parties may elect to pursue a defense of the allegations that inevitably will be hurled at them in this case. In doing so, they should be afforded the opportunity to adequately prepare for such a situation. In essence, financial responsibility is not all that is at stake in this litigation.

## V. Conclusion

The Court denies Defendant's Motion to Add Tinnyo Defendants to the Verdict Slip or alternatively to Join Tinnyo Parties as Third-Party Defendants to the instant action.